UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

DERIK ADAM BROWN, )
)
      Plaintiff, )
)
v. ) No.   1:20-CV-235-TRM-CHS
)
SHERIFF CHAD PARTIN and COFFEE )
COUNTY JAIL, )
)
      Defendants.[1] )

## MEMORANDUM OPINION

Plaintiff, a prisoner in the Coffee County Jail, has filed a motion for leave to proceed in forma pauperis (Doc. 2) and a pro se complaint for violation of § 1983 alleging employment discrimination, retaliation, and cruel and unusual punishment (Doc. 1). For the following reasons, Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) will be **GRANTED** and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

    **I.**    **FILING FEE**

First, it appears from Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) that he is unable to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion (*id.*) will be **GRANTED**.

---

[1] While the Clerk listed Officer Blake Simmons as a Defendant in this action on the Court's docket sheet, Plaintiff did not do so in the style of his complaint (Doc. 1, at 1), or in the list of Defendants therein (*id*. at 3). Plaintiff did, however, list Officer Simmons as someone he previously sued in a separate lawsuit (*id*. at 1), and generally stated in the substantive portion of his complaint that Officer Simmons is discriminating against him (*id*. at 4). Regardless, even if Plaintiff intended to sue Officer Simmons, any such claims would be subject to dismissal for the same reasons his claims against Defendant Sheriff Partin are subject to dismissal, as set forth below.

Because Plaintiff is an inmate in the Coffee County Jail, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A), (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum opinion and the accompanying order to the Court's financial deputy and the custodian of inmate accounts at the Coffee County Jail. These documents shall be placed in Plaintiff's file and follow him if he is transferred to another correctional institution.

## II. SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, dismiss sua sponte any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

2

Case 1:20-cv-00235-TRM-CHS   Document 4   Filed 08/27/20   Page 2 of 8   PageID #: 14

(2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Allegations

Plaintiff alleges that on June 6, presumably of 2020, a jail official told him that she would have "pulled" him for work at the jail because he meets the requirements, but Defendant Sheriff Partin has discretion and "restricted [Plaintiff's] work status." (Doc. 1, at 3–4.) Plaintiff filed a grievance about this, and Defendant Sheriff Partin responded by stating that Plaintiff would not be allowed to work at the jail, which Plaintiff states is discrimination "for no reason" by Defendant Sheriff Partin and Officer Blake Simmons. (*Id.* at 4.)

Plaintiff also claims that he has received "excessive shake downs and [] frivolous write ups" after filing a lawsuit against Officer Simmons and the Coffee County Sheriff's Department, which he states is cruel and unusual punishment and makes him fear more retaliation. (*Id.*)

Plaintiff has sued the Coffee County Jail and Sheriff Partin and seeks to be moved to a different jail. (*Id.* at 1, 3, 5.)

### C. Coffee County Jail

3

First, the Coffee County Jail is not a "person" under § 1983 and thus cannot be sued as an entity under this statute. *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under §1983"). Moreover, Plaintiff has not set forth any facts from which the Court can plausibly infer that Coffee County may be liable for any alleged violation of his constitutional rights such that the Court could liberally construe Plaintiff's complaint to state a claim against this municipality. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a governmental entity may be liable under § 1983 only where its official custom or policy causes a constitutional rights violation).

Thus, the complaint fails to state a claim upon which relief may be granted under § 1983 as to Defendant Coffee County Jail.

### D. Job

As to Plaintiff's allegation that he is being denied a job, Plaintiff does not have a "constitutional right to prison employment or a particular prison job," a property right to wages for his work, or a statutory right to sentence reduction credits. *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003); Tenn. Code Ann. § 41-1-101(b). Thus, Plaintiff's allegation that he is being denied a job fails to state a claim upon which relief may be granted under § 1983.

Plaintiff also alleges that the reason he is being denied a job is discrimination. The Equal Protection Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. A state practice generally will not require strict scrutiny under this clause unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). Moreover, while individuals who do not belong to a suspect class or allege

4

interference with a fundamental right can assert an equal protection claim by alleging that a government practice that has no rational basis discriminates against them under a "class of one" theory, such a claim is not available in the context of prison employment. *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 601 (2008) (holding that the "class-of-one theory of equal protection has no application in the public employment context" because "government offices could not function if every employment decision became a constitutional matter"); *Davis v. Prison Health Servs.*, 679 F.3d 433, 441 (6th Cir. 2012) (declining to apply *Enguist*'s bar to a prisoner's claim that he had been denied a prison job due to discrimination because the prisoner alleged that he was part of "an 'identifiable group' for equal protection purposes" by stating that he was denied a job due to being a homosexual).

As set forth above, Plaintiff does not have a constitutional right to a job in jail. Moreover, Plaintiff does not allege that he is a member of a suspect class and Plaintiff cannot proceed under the "class of one" theory for his claim that Defendant Sheriff Partin and/or Officer Simmons have denied him a job due to discrimination. Accordingly, Plaintiff's allegation that he has been denied a job in the jail fails to state a claim upon which relief may be granted under § 1983.

### E. Shakedowns and Write-ups

Plaintiff's allegation that he has been "targeted" for "excessive shakedowns" and "frivolous write ups" after he filed a lawsuit likewise fails to state a claim for retaliation or violation of the Eighth Amendment under § 1983.

First, to the extent that Plaintiff asserts that these alleged shakedowns and write-ups support a claim for retaliation, such a claim requires a plaintiff to demonstrate that (1) he "engaged in protected conduct; (2) an adverse action was taken against him that would deter a

5

person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). However, a prisoner's subjective belief that he has been retaliated against is insufficient to state a claim. *Johnson v. Rodriguez,* 110 F.3d 299, 310 (5th Cir. 1997).

While Plaintiff's act of filing a lawsuit is protected conduct, Plaintiff has set forth no facts from which the Court can infer that Defendant Sheriff Partin had anything to do with the alleged shakedowns or write-ups that Plaintiff alleges followed this lawsuit.[2] *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (providing that § 1983 liability cannot be premised upon a theory of respondeat superior).

Also, Plaintiff does not provide any facts to support his allegation that his lawsuit motivated these shakedowns and write-ups. Likewise, Plaintiff's allegation that he has received "frivolous write ups" and "excessive shakedowns" after filing the lawsuit is conclusory, as he has not provided any information about these incidents that would allow the Court to plausibly infer that these incidents were frivolous or excessive such that they would deter a prisoner of

---

[2] Nothing in Plaintiff's complaint allows the Court to plausibly infer that Defendant Sheriff Partin's decision to restrict Plaintiff's work status was in retaliation for Plaintiff filing a lawsuit. To the contrary, as set forth above, Plaintiff alleges that on June 6, presumably of 2020, a jail official told him that Defendant Sheriff Partin had restricted his work status (Doc. 1, at 3–4). Plaintiff specifically states that this restriction was "for no reason" (*id.* at 4) and Plaintiff did not file his relevant lawsuit until August 4, 2020. *Brown v. Simmons et al.*, No. 1:20-CV-217 (E.D. Tenn.) (filed Aug. 4, 2020). Moreover, Plaintiff specifies in his complaint that only the excessive shakedowns and write-ups followed his lawsuit. (*Id.* at 4.)

ordinary firmness from continuing to engage in filing lawsuits, as required to support a claim for retaliation.

Further, Plaintiff has not set forth any facts about the shakedowns or write-ups that would allow the Court to plausibly infer that they amount to cruel and unusual punishment in violation of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992) (providing that only "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" will establish that a prisoner's conditions of confinement violate the Eighth Amendment) (citations and quotation omitted); *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (providing that harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits).

Accordingly, even liberally construing the complaint in Plaintiff's favor, it also fails to state a claim upon which relief may be granted under § 1983 as to any Defendant based on the alleged shakedowns and write-ups that followed Plaintiff's lawsuit.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to provide a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at the Coffee County Jail and to the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to any Defendant;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**